541 So.2d 370 (1989)
STATE of Louisiana, Appellee,
v.
Ray PESINA, Appellant.
No. 20424-CA.
Court of Appeal of Louisiana, Second Circuit.
March 29, 1989.
Rehearing Denied April 20, 1989.
Raymond Lee Cannon, Tallulah, for appellant.
David F. Baughn, Asst. Dist. Atty., Tallulah, for appellee.
Before MARVIN, FRED W. JONES, Jr. and SEXTON, JJ.
MARVIN, Judge.
In this paternity action, defendant appeals a judgment decreeing him to be the natural father of SM, who was born to his 13-year-old first cousin, RMD, on June 30, 1975, and ordering him to pay child support.
We remand with directions.
When this case was tried and when SM was conceived, LRS 9:397.3 provided in part the evidentiary effect of paternity blood tests, declaring that "[blood] tests and the testimony of the mother alone shall not be sufficient grounds for determining that the man is the father of the child."
By Act 298 of 1988, the Legislature changed the evidentiary effect of the law, deleting the former provision and providing that an "unchallenged" paternity blood test is prima facie proof of paternity. § 397.3 D.
The paternity blood test provisions are legislatively imposed procedures obviously designed to benefit children as well as those who seek to establish or avoid the effects of paternity. In this sense, the statutory change in the evidentiary effect of a blood test is procedural and retroactive, even though the result may substantively affect a litigant. See Page v. American *371 Motorist Ins. Co., Ltd., 381 So.2d 889, 890 (La.App. 2d Cir.1980).
If the test result was supported only by the testimony of the mother under the prior law, the defendant would not have had to "challenge" the blood testing procedures to negate the effect of the blood test. The evidence would not have been sufficient grounds for determining paternity under the prior § 397.3. Therefore and because we have held the change in the statute to be retroactive, and in the interest of justice, we shall remand to allow the case to be re-opened for the taking of additional evidence on paternity blood testing procedures and the conclusions which might be drawn from the test results in this action. CCP Art. 2164.

DECREE
Accordingly, the case is remanded with directions to allow plaintiff and defendant to present additional scientific evidence, including paternity blood tests, and the conclusions which might be drawn therefrom by experts. The trial court shall set time limitations on the litigants in which to accomplish this, after which time the court shall pronounce reasons and render and sign a new judgment. The judgment appealed shall be held in abeyance, pending the remand. The trial court shall assess costs, including the cost of this appeal, on remand.
REMANDED FOR PARTIAL NEW TRIAL, WITH DIRECTIONS.

ON APPLICATION FOR REHEARING
Before MARVIN, FRED W. JONES, Jr., SEXTON, HALL and NORRIS, JJ.
Rehearing denied.